TASHIMA, Circuit Judge,
concurring in the judgment:
Although I agree with the result the majority reaches, I do not agree with the “legislative” route it takes in reaching its conclusion. “[BJecause Congress has failed to correct [an] oversight,” the majority steps into that breach and fashions its own solution in order to avoid “a massive breakdown” of “the entire system.” I would have thought that such efforts were the job of Congress. I therefore concur in the judgment only.
The bankruptcy courts have dealt with the payment of postpetition legal fees in Chapter 7 cases for decades. Today, however, we are told that “the conceptual difficulties that it presents are commonly swept under the rug.” The majority castigates Congress for being “delinquent in failing to deal expressly with the always-present problem of arranging for the payment of services to be rendered after the filing in bankruptcy.” The majority then undertakes the heavy burden of rewriting the Bankruptcy Code to come up with best solution from its own public policy perspective.
The answer the majority comes up with is that there must be a judicially implied exception to 11 U.S.C. §§ 362(a)(6) and 727 for legal fees for postpetition services.[1] The majority reaches this conclusion in spite of this circuit’s binding precedent that the only exceptions to § 727’s discharge are listed in 11 U.S.C. § 523, and that courts are powerless to create new ones. Hessinger and Assoc. v. U.S. Trustee (In re Biggar), 110 F.3d 685, 687-88 (9th Cir.1997).
What is so strange about today’s opinion is that this judicial legislating is unnecessary. Indeed, immediately after the majority announces its judicially created exception to §§ 362(a)(6) and 727, it concedes that “[t]here is a possible alternative that could lead to the same destination.” Section 727 permits the discharge only of claims against the estate, and § 362(a)(6) stays efforts to collect only on claims against the estate. As the majority acknowledges, a prepetition contract for postpetition legal services does not give the attorney a claim against the estate. Under 11 U.S.C. § 101(5)(A), a “claim” includes any contingent right to payment, but it is a plausible reading of that section that the contingency referred to cannot be one party’s decision to perform on the contract. Thus, the attorney in this case accrued a “claim” only when he actually provided the postpetition services for which the debtor agreed to pay him; therefore, his “claim” is not a prepetition claim against the estate but a postpetition claim against the debtor herself. Accordingly, it is entirely unnecessary to manufacture an exception to §§ 362(a)(6) and 727 because those sections are not even implicated. I regret the majority’s ignoring the admonition in In re Biggar, 110 F.3d at 688, that “[i]f an exception is to be made, therefore, it should be crafted by Congress.” I can only hope that this is not the start down the path of our legislating further exceptions.
*1193 Thus, I concur only in the court’s ultimate holding that the BAP’s finding that Gordon willfully violated the automatic stay must be reversed. Gordon’s attempt to collect beyond the $375 he had already received was an attempt to collect on a debt earned for his postpetition services. The automatic stay simply does not apply to this postpetition claim. I also agree that there must be a limited remand to determine what portion of the remaining $500 (i.e., the $875 collected prepetition, minus the $375) Gordon is entitled to as compensation from Hines for his postpetition services.
Accordingly, I concur in the judgment.

. Although the majority carefully eschews use of the word "exception,” its holding that such fees "really do not fall within" the provisions of §§ 362(a)(6) and 727, does, in fact, carve out an exception.